### COURTNEY v. NEW YORK, N. H. & H. R. CO.

(District Court, D. Connecticut. April 28, 1914.)

No. 1845.

1. Master and Servant (§ 258*)—Injuries to Servant—Complaint—Master's Knowledge of Danger.

    A complaint for injuries received by an engineer from the explosion of oil while he was filling the headlight, which alleged a defective condition of the headlight and of the oil, in order to be good against demurrer, must allege that the use of the oil in the manner set out was likely to cause the explosion, and that the defendant knew or should have known of that fact.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

2. Master and Servant (§ 97*)—Injuries to Servant—Liability of Master—Unavoidable Accident.

    If the explosion of oil, while an engineer was filling a locomotive headlight, was so unprecedented that neither the engineer nor the railroad company could reasonably anticipate such an effect from the use of the oil in the particular manner, the explosion would be an unavoidable accident, for the consequence of which the company would not be liable.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

3. Master and Servant (§ 265*)—Injuries to Servant—Res Ipsa Loquitur.

    The doctrine of res ipsa loquitur does not apply where an oil can exploded while an engineer was filling a locomotive headlight, since the oil

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the lamp were at that time both under the control of the plaintiff, and common experience would not attribute the accident to a defect in the oil rather than to carelessness in handling it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

Action by Frederick Courtney against the New York, New Haven & Hartford Railroad Company. Demurrer to the complaint sustained.

Charles F. Roberts and Edward H. Rogers, both of New Haven, Conn., for plaintiff.

Joseph F. Berry, of New Haven, Conn., for defendant.

THOMAS, District Judge.    [1] The fourth, sixth, and seventh paragraphs of the complaint are as follows:

"Fourth. On said 3d day of March, 1913, shortly before midnight, the plaintiff, in the performance of his duty as a locomotive engineer employed by the defendant on the said engine of said freight train, and while engaged in interstate commerce between Massachusetts and Connecticut, as aforesaid, in operating and driving the locomotive engine attached to said regular freight train and at a point within close proximity of the defendant's railroad station at Great Barrington, in the state of Massachusetts, necessarily, and in the performance of his said duty as a locomotive engineer, climbed and entered upon the front of said engine which was under his care and management as a locomotive engineer as aforesaid, for the purpose of refilling with oil the head-light lamp which was attached to the front of said engine, and which head-light lamp had, within a short time prior thereto, become extinguished, through a lack of oil in said lamp, and by reason of the defective and insufficient condition of said lamp."

"Sixth. The plaintiff thereupon examined said lamp and ascertained that the oil in said lamp was exhausted, that the bulb or tank of said lamp was cold, whereupon the plaintiff proceeded to fill said lamp with oil, supplied by the defendant for the purpose, and while so at work, and while in the exercise of due care, said lamp, and the oil can which the plaintiff was using, exploded, and the plaintiff was, by reason and in consequence of said explosions, severely bruised, burned, and injured, and as a result thereof suffered and incurred great physical and mental pain and a severe and long and lingering sickness and a severe nervous shock."

"Seventh. When said freight train left State Line said lamp was not properly filled and equipped with oil sufficient for the trip from State Line to Bridgeport by reason of the negligence of the defendant, its servants, agents, and employés, and said lamp was at said time defective and insufficient by reason of the negligence of the defendant, its servants, agents, and employés, and the said lamp was in a defective and insufficient condition and was not in a proper condition for the trip from State Line to Bridgeport, as aforesaid, by reason of the negligence of the defendant, its servants, agents, and employés, and said oil furnished by the defendant, its servants, agents, and employés, and used by the plaintiff aforesaid, was of a poor and low grade and of a dangerous, explosive, and combustible character, and was not of a sufficient proof against explosion, and all of which the plaintiff was at said time ignorant."

In order to make the complaint proof against demurrer, it is incumbent upon the plaintiff to allege that the use of oil furnished to the plaintiff and the manner in which he claimed to have used it, as set forth in the complaint, was likely to cause an explosion, and that the defendant knew or ought to have known of this fact.

[2] If the event was so unprecedented that neither the plaintiff nor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant, in the exercise of reasonable care, could know of the effect likely to be caused by the use of oil in this manner; it would then be a case of inevitable accident, for which no one was responsible.

[3] Plaintiff contends that the doctrine res ipsa loquitur applies to the facts in this case and seeks to justify his contention by citing many cases. In all of the cases cited the courts have held that the mere fact of the accident unexplained is some evidence of negligence on the part of the defendant. The rule established in those cases is as follows:

"When the thing causing the injury is shown to be under the control of the defendant, and the accident is such as in the ordinary course of business does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part."

The reason why this rule of law is not applicable to the case at bar is because of the fact that the thing causing the accident, namely, the oil being poured into the lamp, was in exclusive control of the plaintiff rather than of the defendant, and therefore the reason for the rule does not exist. Where illuminating oil, being poured into a cold lamp, both the oil and the lamp being in the exclusive control and custody of the plaintiff, and an explosion occurs, it cannot be said that common experience points more closely to a defect in the oil or lamp attributable to the master than to some carelessness on the part of the servant using it; prima facie such negligence will be attributed to the person charged by law with the duty of managing and maintaining the thing causing the injury. The maxim res ipsa loquitur does not apply where the accident might have been due to improper handling as well as to improper furnishing the thing causing the accident. In the case of Lennon v. Rawitzer, 57 Conn. 583, 587, 19 Atl. 334, 336, the court says as follows:

"But, assuming it to be as cited, there are several conditions which are essential to lay the foundation for any presumption. One is that the thing must be under the management of the defendant or his servants. Here the actual management at the time was controlled by the plaintiff, which would at least require caution in applying the rule, lest the plaintiff's own carelessness be visited on the defendants."

The allegations of the complaint do not show either actual or constructive knowledge on the part of the defendant that the accident here in question would be likely to occur in using oil as it was used.

The demurrer is sustained.