## CARLSON v. UNITED STATES.
### No. 7312.

Circuit Court of Appeals, Fifth Circuit.
May 26, 1934.

W. J. Waguespack and Herbert W. Waguespack, both of New Orleans, La., for appellant.

Edouard F. Henriques, Sp. Asst. to U. S. Atty., and William I. Connelly, both of New Orleans, La., for the United States.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant filed a libel to recover $10,000 as damages for personal injuries and $247.40

for unpaid wages due him as a member of the crew of the steamship Aquarius, a United States Shipping Board vessel. The undisputed facts are these:

Appellant was an experienced seaman, a member of the crew of the steamship Aquarius serving on his second voyage on said ship. While the vessel was in port at Bremerhaven, Germany, he was directed to chip two sockets on the forecastle bulkhead, in which the cargo booms rested when not in use. There was a narrow space between the bulkhead and the coaming of the hatch of number one hold. The sockets were between seven and eight feet above the deck and in order to reach them conveniently he stood upon an empty barrel. The space was sufficient for this purpose and to enable him to step down to the deck from the barrel. When he had finished that task, he stepped down from the barrel onto the hatch covers and in some way not clearly shown he was precipitated into the between decks hold, breaking a small bone in his leg. Some of the hatch covers were off at number one hatch, through which he fell, and four members of the crew were working in the hold. The ship had a deck load of heavy timber that was stored flush with the hatch combings, securely lashed in place, with a hand line on the outside for the safety of the crew in walking over the deck load in performing their usual duties. Appellant had frequently used this passageway on the voyage in daytime and at night. He was given medical attention at Bremerhaven, was then taken to Hamburg, where he was placed in a hospital, and his wages earned up to that time and his effects were left with the American consul. He was returned to the United States and was admitted to the United States Marine Hospital at New Orleans, from which he was shortly discharged as completely cured.

Appellant contends that he stepped on the hatch covers with the intention of going to the deck load to go aft in search of the boatswain, to be assigned to other work; that the hatch covers upon which he walked had been negligently put in place by some member of the crew other than himself and fell with him, precipitating him into the hold. He relies upon the doctrine of res ipsa loquitur.

The doctrine of res ipsa loquitur has no application to the facts of the case. The burden was on appellant to show negligence or breach of duty on the part of the ship. Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813. It is not shown that any member of the crew had put the hatch covers in place or that they were in any way defective. As the vessel was in port, they might well have been placed by the stevedores in unloading the vessel. Hatch covers, when the separate boards are not all in their proper places and securely battened down, are notoriously unsafe for walking. When some of them are off, those in place may be loose and easily fall when the weight of a man is put upon them. An experienced seaman is charged with knowledge of these conditions. It was his duty to use the safe means of passage provided for him. We agree with the District Court in holding that appellant has failed to show negligence or want of care on the part of the vessel.

Appellant complains that in any event he was entitled to judgment for the balance of his wages amounting to $62.50. As to this it appears that he had been paid all his wages except that balance and it had been admitted and deposited in the registry of the court when the answer was filed. It was unnecessary to include it in the judgment and he could easily have obtained it by applying to the clerk of court.

The record presents no reversible error.

Affirmed.