## SMITH v. UNITED STATES.
No. 8702.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1938.

Herbert W. Waguespack, of New Orleans, La., for appellant.

W. I. Connelly, Atty., U. S. Maritime Commission, and Rene A. Viosca, U. S. Atty., both of New Orleans, La.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree dismissing a libel for personal injuries sustained while appellant was a member of the crew of the steamship Youngstown. The case was originally brought at law and tried to a jury whose verdict was in appellant's favor for $2000. The judgment was set aside on the decision in Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, that, where the United States is the owner of the vessel, the right of recovery under the Suits in Admiralty Act, 46 U.S.C.A., chapter 20, § 741 et seq., is exclusive. Thereafter, a suit under said act was dismissed on a plea of limitations. The act having been amended June 30, 1932, 46 U.S.C.A. § 745, the present suit was brought, and, on a hearing on the merits, the libel was dismissed. Smith v. United States, D.C., 20 F.Supp. 993.

On September 2, 1926, pursuant to his employment as an able seaman and boatswain, it became appellant's duty to select two members of the crew and such material and tools as should be necessary, and to remove the cargo battens or sweat boards from the sides of the ship in hold number 3, and prepare the surface for painting. In performing the work he was required to climb upon the battens so that they could be removed, working from the top down. While thus engaged, one of the battens pulled loose, causing him to fall to the bottom of the hold, injuring his back, neck, and the back of his head. No evidence was introduced to show why the batten gave way. Appellant relies on two propositions. He contends that negligence is proven on his showing that it was the duty of the ship's carpenter, his fellow servant, to keep all of the woodwork, including the battens, in repair, and that no inspection was made immediately before the work was begun and the accident happened. He also contends that the physical fact that the batten gave way is proof of failure to provide a safe place to work, under the doctrine of res ipsa loquitur.

As to the negligence of the fellow servant, the proof shows that, at the time the work was begun, the ship's carpenter, with helpers, was similarly engaged in taking down the battens in hold number four. Granting that it was his duty, under normal circumstances, to keep the battens in repair, and that he failed to inspect those in number three before the work of tearing them down began, there was no negligence in his failure to do so. Such inspection as might have been made would not have disclosed to him as much as a workman engaged in taking down the battens would have learned. If an inspector had found a loose batten, it would not have been his duty to repair or replace it, since that would have increased the work to be done by appellant and his helpers.

The duty to repair existed during the voyage for the protection of the ship and its cargo. There was no duty to inspect and repair battens which were about to be taken down. The failure to do so did not render the owner guilty of negligence. Weldon v. United States, 1 Cir., 9 F.Supp. 347, 349.

Appellant has not produced any direct evidence to support his allegations of negligence. Coast Steamship Co. v. Brady, 5 Cir., 8 F.2d 16; New Orleans & Northeastern Railroad Co. v. Harris, 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167. To meet the burden of proof imposed upon him, he relies upon the doctrine of res ipsa loquitur. Neither the happening of the event nor any circumstance surrounding the same points to any negligent act or omission which caused the batten to give way and injure appellant. In the absence of such a showing, the application of the doctrine would

make appellee an insurer against the accident. Cf. Burton v. Greig, 5 Cir., 271 F. 271; The Tawmie, 5 Cir., 80 F.2d 792. The doctrine is not applicable in any case unless, by a process of probable reasoning, the facts and circumstances point out the wrongdoer, the tortious character of his act, and exclude other probable causes of the injury. The doctrine is not proof and does not supply a want of proof. It is a rule of interpretation by which evidence of facts is made to speak the logical conclusions naturally flowing therefrom. Atchison, Topeka & S. F. R. Co. v. Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896; Delaware, L. & W. R. Co. v. Koske, 279 U.S. 7, 49 S.Ct. 202, 73 L.Ed. 578; Luckenbach S S. Co. v. Buzynski, 5 Cir., 31 F.2d 1015; Lucid v. E. I. Du Pont de Nemours Powder Co., 9 Cir., 199 F. 377, L.R.A.1917E, 182.

Appellant has failed to sustain the burden of proof imposed upon him, and the decree of the district court is affirmed.