## UNITED PRODUCTION CORPORATION et al. v. CHESSER et al.

No. 9037.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1939.

Rehearing Denied Jan. 15, 1940.

C. M. Hightower, of Houston, Tex., for appellants.

Josh H. Groce, of San Antonio, Tex., and J. W. Ragsdale, of Victoria, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

This is the second appeal of this case. Suit was originally brought by Grace E. Thornhill and others against United Production Corporation. Damages were sought for the death of Frank E. Thornhill who lost his life while working on the premises of United Production Corporation in the Refugio County, Texas, oil field. After the remand of the case Union Producing Company was made a party defendant and it adopted the answer of the United Production Corporation. The former appeal is reported in 5 Cir., 94 F.2d 790, rehearing denied in 5 Cir., 95 F.2d 521.

It appears without dispute that Frank E. Thornhill lost his life while in the employ of the Baash-Ross Tool Company which, as independent contractor, was doing perforation work for the United Production Corporation. The perforation work was being performed by Thornhill with a certain patented tool which perforated oil well casings without their removal from the well.

Baash-Ross Tool Company had entered into a work order agreement with the United Production Corporation. Conditions of the agreement were these:

"Baash-Ross Tool Company hereby guarantees all perforating provided the person or company ordering same shall have the well casing in good condition at the time of commencing operations and shall so inform said Baash-Ross Tool Company.

"Failure to notify Baash-Ross Tool Company, in writing, of any existing defects in the well at that time, the party ordering the work shall assume all risks for the loss or damage to the machine, tools or well, and shall, if possible, recover the machine or indemnify the said Baash-Ross Tool Company for its loss.

"The person or company for whom the work is done shall furnish all necessary power and appliances or tools (except perforating machine) and all labor, exclusive of the perforator operator, for properly perforating the well and also for removing the perforating machine therefrom on completion."

While Frank E. Thornhill was engaged in performing the perforation work for his employer, Baash-Ross Tool Company, which was in turn performing the work for United Production Corporation, a gooseneck attachment which formed a part of the well drilling equipment broke and fell upon him.

In this suit all save Grace E. Thornhill Chesser (she having remarried since the first trial), Neal Eldrid Thornhill, and Employers Liability Assurance Corporation were eliminated as parties plaintiff.

The plaintiffs charged the following specific acts of negligence on the part of United Production Corporation: Failure to furnish a reasonably safe place in which to work; maintaining a defective gooseneck in the derrick; allowing the gooseneck to fall; and failing to attach a safety chain around the gooseneck so as to prevent the falling of this equipment. Defensive issues were: the lent servant rule, latent defect, assumption of risk, and contributory negligence.

The case was tried to a jury which returned a verdict for the plaintiffs and apportioned $10,000 to Grace E. Thornhill Chesser, $1,500 to Neal Eldrid Thornhill, and $6,500 to Employers Liability Assurance Corporation. Judgment was entered and United Production Company and others have appealed.

On the former appeal we stated, "In reversing this case for another trial we of course adjudicate no facts. Further evidence of what Thornhill did or knew may make clearer his part in this tragic occurrence." United Production Corporation v. Chesser, 5 Cir., 95 F.2d 521, 522.

The record as made on this trial is clearer, fuller, and more nearly explanatory of the accident and what occurred than was the record before us on the first appeal. The evidence leads to the conclusion that Thornhill had not worked in Texas oil fields as a driller in about twenty years; that he had nothing to do with the running of the drilling machinery, that being left entirely to the employees of the appellant; that he did not know of the breaking of a gooseneck in the morning of the day he was killed; that he was not present and did not observe the installation of a new gooseneck to the drilling equipment; and that he had no duties to perform except to go upon the derrick platform when the actual perforation work was to commence.

Moreover, two witnesses with backgrounds of long experience with drilling

852

outfits in the Refugia Field testified without contradiction that the custom in the field was to fasten a safety chain "to the mud hose below the clamp and then fastened to the swivel, the top of the swivel—the top of the hose;" that in the event the gooseneck broke the safety chain would prevent the gooseneck and hose from falling. Furthermore, on the day Thornhill was killed employees sought to fasten a safety chain but the foreman in charge for the appellant declined to permit the chain to be fastened and directed that the work be carried on without this safety precaution.

Carl Ferguson, foreman for the appellant, was not present on the morning when the first gooseneck broke. He came to work at noon and when he saw that a new gooseneck was needed he spoke to Mr. Thornhill who then took him in his car over to the warehouse to get a new gooseneck. Ferguson testified that he did not discuss the breaking of the gooseneck with Thornhill and that nothing was said about it. The appellant's witness Self testified that Thornhill was not present when the new gooseneck was attached; that he sat out in a car some thirty feet from the derrick while the gooseneck was being installed. Self further testified that when the new gooseneck was being attached he and others were busy fastening a safety latch when Carl Ferguson, foreman for the appellant, came up and said, " 'Let's go', and Holly said, 'Well, let's put a safety latch on here for the swivel', he says, 'We haven't got any safety latch on here yet', and he said, 'Oh, it won't break. Let's go.' So Holly just let loose of everything and we picked up."

Just after Thornhill went on the derrick platform and commenced directing the perforation work the gooseneck broke and fell and killed him.

It was the duty of Carl Ferguson to see that the drilling machine was reasonably safe and that the appliances were in a reasonably safe condition for the work at hand. He testified that Mr. Thornhill never did undertake to tell him how to set up his rig and that he, Ferguson, would have "resented it" if Thornhill had undertaken to make such a suggestion.

■ The evidence leads to the conclusion that it was the duty of the appellant to keep and maintain the equipment in a reasonably safe condition; that a latent defect in the gooseneck was not the proximate cause of the accident; that the failure to fasten the gooseneck to the swivel with a safety chain was the proximate cause of the accident. Moreover, if a latent defect existed in the gooseneck, if it had been properly secured and fastened as was the one that broke in the forenoon, which was the approved way of fastening, the accident would not have occurred.

■ Thornhill went upon the premises as a business invitee of the appellant for the purpose of performing work in conjunction with the employees of the appellant United Production Corporation. He had, therefore, the right to assume that the employees of the invitor were performing their duties in a workmanlike, careful manner, and it was not incumbent upon him to make any inspection of their work to ascertain whether or not they were performing it properly. Texas Pacific Coal & Oil Co. v. Grabner, Tex.Civ.App., 10 S.W.2d 441, 444.

■ We find no evidence that the deceased failed to exercise ordinary care in his work, and in the absence of evidence to the contrary there is a presumption that Thornhill was conducting himself with prudence and was exercising ordinary care. Missouri, K. & T. v. Luten, Tex.Com. App., 228 S.W. 159; Jordan v. City of Lubbock, Tex.Civ.App., 88 S.W.2d 560; Texas & P. Ry. Co. v. Wylie, Tex.Civ. App., 36 S.W.2d 238. Contributory negligence cannot be presumed and there is nothing in the record to compel a finding by the jury that Thornhill was guilty of contributory negligence. The issue was properly submitted to the jury. Houston & T. C. Ry. Co. v. Pollock, Tex.Civ.App., 115 S.W. 843; Id., 103 Tex. 69, 123 S.W. 408; Rio Grande El Paso & S. F. Ry. Co. v. Lucero, Tex.Civ.App., 54 S.W.2d 877; Jordan v. City of Lubbock, Tex.Civ.App., 88 S.W.2d 560.

■ The appellants insist that the Court erred in the charge to the jury with reference to the working agreement between the parties. This comment by the Court as to the working agreement and its meaning was free from error as the Court left its meaning to the jury. However, we are of opinion that the charge of the Court was clearly correct and free from error. Standard Oil Co. v. Anderson, 212 U.S. 215, 29 S.Ct. 252, 53 L.Ed. 480; Tanner v. Drake, Tex.Civ.App., 47 S.W.2d 452;

Id., 124 Tex. 395, 78 S.W.2d 162. Many charges were given at the request of the appellants and all issues were left for the jury to determine from the evidence. We find no reversible error in the record.

The judgment is affirmed.