## ASPRODITES v. STANDARD FRUIT & STEAMSHIP CO.
### No. 9275.

Circuit Court of Appeals, Fifth Circuit.
Jan. 5, 1940.

Rehearing Denied Jan. 29, 1940.

R. A. Dowling, of New Orleans, La., for appellant.

Jos. M. Rault, Andrew R. Martinez, and Benjamin W. Yancey, all of New Orleans, La., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered on a directed verdict for the defendant in an action for the death of plaintiff's intestate, resulting from exposure to live steam which escaped in the engine room of appellee's ship when a steam pipe pulled loose from the flange connecting it to one of the boilers, the deceased being the engineer on duty at the time of the explosion.

The action was brought under the Jones Act (46 U.S.C.A. § 688), extending to seamen the rights conferred upon railway employees engaged in interstate commerce (45 U.S.C.A. §·51). At the trial, appellant made the preliminary proof necessary to show her right to institute the action, the occurrence of the accident, and that it caus-

ed the death of her husband and intestate. The only proof offered by appellant to show the cause of the accident was the testimony of a member of the crew, who testified that a repair had been made upon the pipe in question by brazing a sleeve over a portion thereof, and that this repair was "a bum job"; but appellant does not rely to any great extent upon this testimony as tending to prove negligence on the part of appellee, since it does not appear that the sleeve gave way or that the repair contributed in any way to the failure of the junction of the pipe with the flange.

Appellant concedes that she has the burden of proof, but relies upon the doctrine of res ipsa loquitur to establish the fact of negligence.[1] In this connection, it is important to state that, as the engineer on duty at the time of the accident, the deceased was in charge of and had control over the appliances that produced the explosion.

With no more facts before the court, there was nothing to sustain a finding that appellee was guilty of or chargeable with negligence which would sustain a recovery in this action. In a recent case, this court had occasion to point out that the doctrine of res ipsa loquitur is not proof and does not supply a want of proof. It is a rule by which evidence is made to speak the conclusions which naturally follow. Smith v. United States, 5 Cir., 96 F.2d 976. As engineer, the deceased was charged with the duty to see that the boiler, steam pipes, manifold, and cut-off valves were properly operated, inspected, and cared for while he was on duty. There is nothing to show that the explosion did not result from failure on his part in this respect. Moreover, the evidence is without dispute that the master here had the boilers and machinery inspected, and that the equipment was in good condition before the explosion occurred. Looney v. Metropolitan Railroad Co., 200 U.S. 480, 26 S.Ct. 303, 50 L.Ed. 564; United Production Corporation, et al. v. Chesser, et al., 5 Cir., 107 F.2d 850.

There is no basis for the application of the doctrine of res ipsa loquitur when the thing that caused the injury is under the exclusive control and management of the injured party. Courtney v. New York, N. H. & H. R. Co., D. C., 213 F. 388, 390. Cf. The Rambler, 2 Cir., 290 F. 791.

Since the evidence did not establish negligence upon which a recovery against appellee might be sustained, there was no error in the action of the court in directing the verdict. San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680; Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas. 1914D, 905; Southern Ry. v. Derr, 6 Cir., 240 F. 73; Federal Electric Co. v. Taylor, 8 Cir., 19 F.2d 122; Blanton v. Great Atlantic & Pacific Tea Co., 5 Cir., 61 F.2d 427; Carlson v. United States, 5 Cir., 71 F.2d 116.

The judgment of the district court is affirmed.

---

[1] Appellant's brief states the issue in the following words: "In such a case involving the explosion of a steam pipe or boiler on board a steamship, in which an engineer and oiler are killed, is it necessary for plaintiff to prove the exact cause of the explosion, or is proof of the explosion, and the death as a result thereof of the decedent, sufficient?"