**BRUSZEWSKI v. ISTHMIAN S. S. CO.**
No. 9133.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 18, 1947.

Decided June 3, 1947.

Rehearing Denied Sept. 15, 1947.

BIGGS, Circuit Judge, dissenting on rehearing.

———◆———

Abraham E. Freedman, of Philadelphia, Pa. (Freedman, Landry & Lorry, of Philadelphia, Pa., on the brief), for appellant.

Thomas E. Byrne, Jr., of Philadelphia, Pa. (Krusen, Evans & Shaw, of Philadelphia, Pa., on the brief), for appellee.

Before O'CONNELL and KALODNER, Circuit Judges, and FOLLMER, District Judge.

O'CONNELL, Circuit Judge.

Plaintiff appeals a directed verdict in favor of defendant upon two grounds: (1) That there was evidence of negligence on the part of defendant warranting at least submission to a jury, if not a directed verdict in favor of plaintiff; and (2) that the warranty of seaworthiness entitles plaintiff to recovery regardless of the negligence factor.

Much of the evidence adduced at the trial in the court below was conflicting. In view of the directed verdict, we shall resolve all material questions of fact as though a jury had found them in plaintiff's favor.

Plaintiff is a longshoreman; defendant is the General Agent, for the United States, of the vessel on which the injury occurred. While the ship was being loaded in port at Philadelphia, on the morning of November 9, 1943, the boom broke into two uneven parts, the larger section falling across the winches. Because the crew had been drinking, the officer in charge of the watch ordered them not to remove the wreckage. The officer reported the difficulty to one Olsen, an agent of defendant. Olsen thereupon arranged with plaintiff's employer, B. H. Sobelman & Co., to have men furnished to remove the wreckage. This type of work was not the regular work of a longshoreman.

At about noon of the same day, plaintiff and eight other longshoremen detailed by the Sobelman Company arrived at the pier. Olsen instructed them to assist the crew in removal of the broken boom. The removal operation was under the direction of the boatswain. The portion of the broken boom lying across the winches was lashed, preparatory to raising it and depositing it on the side of the vessel. When the winch, operated by one of the longshoremen, was started, the boom was swung clear. A loose block, suspended in the rigging toward the upper part of the boom, suddenly dropped upon plaintiff, who was walking underneath at the time.

Our examination of the record leads us to agree with the district judge that no evidence of negligence of defendant was introduced on the basis of which a jury could reasonably reach a different result. Whatever the reason was for the breaking of the boom, that incident occurred before plaintiff arrived on the ship. There is no indication that the inebriated condition of the crew increased the risk that plaintiff would be struck by the loose block. No evidence appears that the removal operation, as directed by the boatswain, was substandard in concept or execution. There is no reason to believe that the winch was either defective or operated improperly. Actually, the only suggestion called to our atten-

tion which might have prevented the block from falling is plaintiff's argument that conceivably an inspection of the rigging might have been made before removal of the boom was attempted. The difficulty with this argument is that plaintiff introduced no proof that, under the circumstances, it would have been reasonable to send somebody aloft to make a comprehensive inspection of the rigging, or that such inspection would have revealed the danger presented by the block. To impose such a duty upon defendant, therefore, we would be required to find defendant negligent as a matter of law, although proof of want of due care is totally absent. We consider the conclusion irresistible that plaintiff failed to sustain his burden of proof that defendant omitted the doing of something which a reasonable person would have done under the circumstances. See Sieracki v. Seas Shipping Co., 3 Cir., 1945, 149 F.2d 98, 101; affirmed sub. nom. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L. Ed. 1099; Smith v. United States, 5 Cir., 1938, 96 F.2d 976.

Plaintiff urges, however, that he is entitled to recover under the shipowner's traditional warranty of seaworthiness. Seas Shipping Co. v. Sieracki, supra, has established that a longshoreman under certain circumstances may claim protection under that warranty. Whether that doctrine includes objects obviously unseaworthy, such as this boom, requires consideration.

■ We agree with the district judge that, although seaworthiness normally is a question of fact, Mahnich v. Southern S. S. Co., 1944, 321 U.S. 96, 98, 64 S.Ct. 455, 88 L.Ed. 561, it may be stated as a conclusion of law that no warranty of seaworthiness existed here. Logically construed, liability for an unseaworthy vessel should obtain only when the individual affected is entitled to rely, and does rely, upon the seaworthiness of something actually unseaworthy. To state that a broken boom is warranted as seaworthy would require distortion of the meaning generally accorded those terms. "The mere fact that a seaman has been ordered to do a dangerous thing does not establish a case of unseaworthiness. Chelentis v. Luckenbach S. S. Co., 1918, 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171." The Josephine & Mary, 1 Cir., 1941, 120 F.2d 459 at page 464.

■ The instant case is not unlike Byars v. Moore-McCormack Lines, 2 Cir., 1946, 155 F.2d 587. Denying recovery for injuries sustained on board a vessel, the court quoted with approval the following excerpt from Kowalsky v. Conreco Co., 1934, 264 N.Y. 125, 190 N.E. 206, 207: "An employee cannot recover for injuries received while doing an act to eliminate the cause of the injury. As was said in Mullin v. Genesee County El. L., P. & Gas Co., 202 N.Y. 275, at page 279, 95 N.E. 689, 690: 'The reason for this exception to the general rule is that it would be manifestly absurd to hold a master to the duty of providing a safe place when the very work in which the servant is engaged makes it unsafe.'" Applying this principle to the case at bar, we deem it irrefutable that the broken boom, an elaborate mechanism, presented an obvious danger to those removing it. Very different is this from the situation presented in Seas Shipping Co. v. Sieracki, supra, where the plaintiff suffered injury as the result of a defective appliance which appeared otherwise.

Our disposition of the case on the ground of the failure to prove negligence and the non-applicability of the doctrine of unseaworthiness renders it unnecessary for us to pass upon the contentions that the warranty of unseaworthiness cannot be asserted against a general agent, or that plaintiff was an employee of defendant when the injury occurred.

For the reasons stated, the judgment of the lower court is affirmed.

## On Petition for Rehearing

Before BIGGS, O'CONNELL, and KALODNER, Circuit Judges, and FOLLMER, District Judge.

### PER CURIAM

Our examination of the appellant's petition for rehearing satisfies us that the petition raises no question which was not previously considered and correctly decided by the court. Accordingly, the petition for rehearing will be denied.

BIGGS, Circuit Judge (dissenting).

Bruszewski was a member of a longshoreman crew employed to remove a broken boom and tackle from the steamship "George Read" at the port of Philadelphia under the circumstances stated in the court's opinion. The longshoremen were in charge of the ship's boatswain. After the broken boom had been lashed, the winch was started, the boom was raised and a loose block, suspended in the adjacent rigging, fell on Bruszewski.

The court in its opinion, among other things, states, "No evidence appears that the removal operation, as directed by the boatswain, was substandard in concept or execution. * * * Actually, the only suggestion called to our attention which might have prevented the block from falling is plaintiff's argument that conceivably an inspection of the rigging might have been made before removal of the boom was attempted," citing Sieracki v. Seas Shipping Co., 3 Cir., 1945, 149 F.2d 98, 101, affirmed sub nom. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Smith v. United States, 5 Cir., 1938, 96 F.2d 976.

The language quoted demonstrates that the court believes that it was incumbent on the plaintiff to prove by additional evidence that the removal operation was substandard in concept or execution and that, absent such evidence, there was no proof of negligence on the boatswain's or ship's part which could have sustained a verdict in the plaintiff's favor. But the facts at bar call for the application of the doctrine of res ipsa loquitur. Under the circumstances no proof of negligence is required beyond the accident itself, which was such as necessarily involves negligence on the part of the defendant which had control of the removal operation. See the classic words of Erle, C. J., in Scott v. London and St. Katherine Docks Co., 3 H. & C. 596, 601, 159 Eng. Rep. R. 665, 667: "* * * where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." See 1 Thomp.Negl. § 15. The fact that the boom had fallen, putting its adjacent rigging in a dangerous condition, did not relieve the defendant of its duty to take reasonable precautions to furnish the plaintiff, and invitee, a safe place in which to work. In the absence of any explanation by the defendant as to why its agents did not even inspect the rigging adjacent to the boom, the jury would have been entitled to find that the defendant was negligent.

I am puzzled to understand how under the circumstances the plaintiff could have offered any further or more effective proof that the removal operation was "substandard in concept or execution", that is to say, was negligently conducted, as this court requires. The exercise of due care on the part of the defendant required it to inspect the boom and its adjacent rigging prior to the commencement of the removal operation. Had the defendant inspected the block and produced testimony at the trial to the effect that the block did not appear to be loose, such evidence might have relieved the defendant of a finding of negligence if the case had gone to the jury. The proof actually made by the plaintiff shows that the block was loose for it fell as soon as the boom was moved. It is a matter of general knowledge that blocks do not fall from rigging if they are made fast, and that the fall of a boom frequently damages rigging adjacent to it. It would have been an easy accomplishment under the circumstances to have tied the block securely to the rigging or to have taken it down before commencing to remove the boom. Such an exercise of prudence might not be required of the defendant if the "George Read" had been at sea in a storm, but she was safely tied to a Philadelphia dock. Considerations of admiralty law aside, the court's ruling seems to relieve a person in control of premises of the duty of maintaining them in safe condition for invitees.

Putting to one side any question of the boatswain's or ship's negligence and coming to the admiralty law, it must be pointed out that the court seems to disregard completely the doctrine of a ship's liability to a longshoreman for unseaworthiness, without regard for negligence, enunciated by the Su-

preme Court in Seas Shipping Co. v. Sieracki, 328 U. S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. See also Mahnich v. Southern Steamship Co., 321 U. S. 96, 64 S.Ct. 455, 88 L.Ed. 561. This court's opinion does not deal with the Sieracki doctrine or give any reason why it is deemed to be inapplicable.

For these reasons I think there should be rehearing before the court en banc.