**INDIAN TOWING CO., Inc., et al.,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 18038.

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1960.

Henry J. Read, New Orleans, La., Richard B. Montgomery, Jr., John P. Hammond, Montgomery, Barnett, Brown & Read, New Orleans, La., of counsel, for appellants.

M. Hepburn Many, U. S. Atty., Kathleen Ruddell, Asst. U. S. Atty., New Orleans, La., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

HUTCHESON, Circuit Judge.

Plaintiffs, owners of the Barge AS-16 and her cargo, in separate suits, consolidated for trial, for damages against the United States resulting from the grounding of the Barge on Chandeleur Island when, on the night of September 30—October 1, 1951, the Chandeleur light failed, are here appealing from judgments finding the United States not guilty of negligence and dismissing plaintiffs' claims.

Entered upon full findings of fact and conclusions of law [1] which, setting out in detail, and stating the effect of, the relevant evidence, the judgments found and held that the United States was not negligent or in any way at fault in installing and maintaining the light, and that the damage to the barge and its cargo was caused by the unsafe, unfit, and unseaworthy condition of the tug and the gross carelessness, incompetence, negligence and fault of the master.

Attacking as clearly erroneous the findings and conclusions (1) that the Coast Guard was not negligent in the installation and/or maintenance of Chandeleur light, and (2) that the stranding of the Barge AS-16 was caused solely by the Tug Navajo, and was not caused or contributed to by any negligence on the part of the United States, the appellants insist that the findings and judgments may not stand. We do not think so.

The case was tried by the court without a jury, and the district judge, in his function as trier of the facts, resolved the fact issues against the plaintiffs. Appellants, however, argue the appeal as though the district judge had determined, as matter of law, that a verdict against plaintiffs was demanded and had directed one accordingly. Of course, this will not at all do. All that occurred here is that the district judge, on evidence we think fully supporting his finding, determined that plaintiffs did not sustain their burden of showing that defendant was at fault and gave judgments accordingly.

1. Indian Towing Co., Inc. v. United States of America, D.C., 182 F.Supp. 264.

Relying on the "doctrine of res ipsa loquitur", a doctrine which is "not proof and does not supply want of proof", but is merely an elegant and, to some, a mystifying way of stating "a rule of interpretation by which evidence of facts is made to speak the logical conclusions naturally flowing therefrom", appellants seem to feel that it operates here to impose upon the United States a kind of liability without fault, making the United States, as the owner and operator of the light, an insurer against its failing.

■ Appellants in short seem to insist that proof merely that the light failed imposed liability upon the United States as a matter of law and, though the district judge has, upon an examination of the evidence, found and concluded that plaintiffs have not shown that the United States was at fault, it must nevertheless be cast in judgment.

We think the slightest reflection upon the meaning and application of the rule appellants invoke, as it is stated and applied in 38 Am.Jur., p. 989, and in the cases they cite,[2] will show that this is not so.

In Reynolds Metals Co. v. Yturbide, 9 Cir., 258 F.2d 321, at page 331, the case most strongly relied on by appellants, the court said:

"When res ipsa loquitur is applied the facts of the occurrence warrant the inference of negligence. *They furnish substantial evidence of negligence where the direct evidence of it may be lacking, but they make a case to be decided by the jury.* In finding itself in the dilemma mentioned by Harper & James in the language quoted above, *the appellant is in no different situation than any other defendant who finds itself in a res ipsa case and before a jury. It is not, as appellant asserts, the victim of the application of a rule of*

*absolute liability."* (Emphasis added)

In Smith v. United States, 5 Cir., 96 F.2d 976, at pages 977–978 where the doctrine was invoked to meet the burden of proof imposed upon the libellant, this court, affirming the judgment of the district judge, finding the United States not guilty of negligence, stated:

"Appellant has not produced any direct evidence to support his allegations of negligence. * * * To meet the burden of proof imposed upon him, he relies upon the doctrine of res ipsa loquitur. Neither the happening of the event nor any circumstances surrounding the same points to any negligent act or omission which caused the batten to give way and injure appellant. *In the absence of such a showing, the application of the doctrine would make appellee an insurer against the accident.* Cf. Burton v. Greig, 5 Cir., 271 F. 271; The Tawmie, 5 Cir., 80 F.2d 792. *The doctrine is not applicable in any case unless, by process of probable reasoning, the facts and circumstances point out the wrongdoer, the tortious character of his act, and exclude other probable causes of the injury.* The doctrine is not proof and does not supply a want of proof." (Emphasis added)

■ Because the evidence supporting his findings and judgment is set out fully and fairly in the findings and conclusions of the district judge, with which we agree, it will serve no useful purpose for us to repeat the statement here. It will be sufficient for us to refer with approval to it and to declare: that we cannot say that any of the findings are clearly erroneous; that, indeed, we are of the clear opinion that the judgment was right and should be affirmed.

Affirmed.

2. San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L.Ed. 680; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437; Reynolds Metals Co. v. Yturbide, 9 Cir., 258 F.2d 321. In each of these the fact finder had found that under the evidence, defendant was negligent and the court held that the effect of the rule was not to make such an inference obligatory as matter of law but permissible as matter of fact if the evidence otherwise authorized it.